FILED

OCT 3 1 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

Lance J Browning
Carol A Browning
41049 Engelmann Oak St.
Murrieta, CA 92562
Home: 951-600-8514
Cell: 760-405-4178
Carol.Browning057@gmail.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT

### RIVERSIDE DIVISION

| | |
|---|---|
| In re | CASE NO: 6:14-bki-19919-SC |
| Pradeep Singh, Rindi P Singh, The Pradeep Singh Corporation, Secure Vision Associates | Adv. No.:   6:14-ap-_____-SC-1 |
| Debtor | Chapter 7 |
| Lance J Browning | COMPLAINT FOR DISCHARGABLILTY OF DEBT. U.S.C. S523(a)(2)(A), S523(a)(4), S523(a)(6). |
| Carol A Browning | |
| Plaintiff, | |
| Vs | |
| Pradeep Singh, Rindi P Singh, Harbinder P Singh, | |
| Secure Vision Associates, The Pradeep Singh Corporation | |
| Defendant | |

Plaintiff's, Lance J Browning and Carol A Browning, hereby pleads the following in complaint against Pradeep Singh, Rindi P Singh, Harbinder P Singh, Secure Vision Associates, The Pradeep Singh Corporation:

### PARTIES, JURISDICTION AND VENUE

1. This court had jurisdiction over this matter pursuant to 11 U.S.C. 523.

2. Venue is proper pursuant to 11 U.S.C. 523. This is a core proceeding pursuant to 11 U.S.C. 523.

3.  In April 2013, Carol Browning contacted Pradeep Singh to help her roll-over her pension and 401K amounts totaling $547,285.92 since she was retiring. Singh was a representative for American Equity Investment Life Insurance Company.  Singh advised the Brownings to put $350,000.00 in an annuity with American Equity and the balance in a traditional IRA that would allow for emergency access to funds.

4.  On April 1, 2014, Carol Browning contacted Pradeep Singh via email regarding financial options available since her severance pay was running out and she had no additional income. She inquired specifically about a 72t where she could take money out of her IRA without being penalized. Enclosure 1

5.  On April 9, 2014, Singh met the Brownings at their residence at 41049 Engelmann Oak St., Murrieta, CA. 92562, at 11:30am. Singh advised the Brownings they did not qualify for a 72t. Singh advised the Brownings that he had a business that needed $60,000.00 start up investment, they were willing to pay ten (10) percent on the investment and it would bring in the additional amount of $3000.00 per month the Brownings needed. Singh stated the interest paid will pay for the taxes since the money was being removed from the IRA. Singh stated he had worked with the person before and they were good for the payments. Singh stated he needed the money THAT DAY. Arrangements were made by the Brownings to remove the $60,000.00 from the traditional IRA account and meet Singh later that day. Singh arrived around 8 p.m. that evening with a Due on Demand Promissory Note for the Brownings to sign in the amount of $60,000.00. Enclosure 2, Exhibit 1

6.  On April 14, 2014, Singh contacted Carol Browning via text message stating that he had an opportunity that fell into his lap and the Brownings could make some money. During a phone call Singh stated that he had another business that needed $50,000.00 start-up investment and would pay twelve (12) percent interest. (Enclosure 3, page 9)  Exhibit 2

7.  On April 17. 2014, Carol Browning received text message from Singh wanting to know if we made it to the bank because he needed to give recipient a date on when funds would be

2

available. The Brownings removed an additional $50,000.00 from the IRA for the second

investment with Pradeep Singh and Secure Vision Associates. (Enclosure 3, page 10)

8. On April 19, 2014, Singh visited the Browning residence and brought the second Due on

Demand Promissory Note in the amount of $55,000.00 (actual amount $50,000.00) for the

Brownings to sign. The payments would commence in January 2015. **Enclosure 4**

9. First payment of $3,000.00 on initial investment of $60,000.00 was due on May 10, 2014.

10. On May 18, 2014, after not receiving a payment on May 10 Carol Browning texted Singh and

asked if he just wanted to put the check in the mail. Singh stated he needed to have oral

surgery and will have something done by Tuesday or Wednesday, May 21 or May 22.

(Enclosure 3, page 13)

11. On May 22, 2014, Carol Browning reached out to Singh via text message. No response.

12. On May 30, 2014, Carol Browning sent another text message to Singh asking him to put the

check in the mail to her. Singh stated he sent a check. Carol Browning advised Singh she had

bills to pay and requested a Cashier's Check be brought to Lance Browning's work which was

down the street from Singh's office. Singh stated he was out of town but asked if he could do

something by Monday, June 2, 2014. Singh stated he put check in the mail. Carol Browning

asked Singh to meet them somewhere but he stated he would be in Santa Barbara for the

weekend. (Enclosure 3, Page 15-17)

13. On May 31, 2014, Carol Browning sent Singh a text stating she had not received the check for

May payment yet. (Enclosure 3, page 17)

14. On June 1, 2014 Singh asked for Lance Browning's work schedule for that day. Advised him

Lance Browning worked until 5:30 p.m. Singh stated he would see Lance Browning before

that time. Singh dropped off check at Lance Browning's work. (Enclosure 3, page 18)

15. On June 2, 2014, Carol Browning received a text message from Singh advising her to wait

until later that afternoon or the next day to deposit the check. Singh wanted to have

confirmation of funds in the bank before Carol deposited the check. Carol Browning asked if

it would be done same day and Singh stated he would try.  Carol Browning advised Singh of

overdue bills. (Enclosure 3, Pages 19-21)

16. On June 3, 2014, Carol Browning received confirmation via text that Singh completed the

money transfer that morning. Singh asked Carol Browning to call him immediately. Per phone

conversation, Singh advised Carol Browning to go to his bank and cash the check

immediately. (Enclosure 3, Page 22)

17. On June 9, 2014, Carol Browning sent Singh a text advising him she never received the

original check that was mailed and giving him Lance Browning's work schedule for the week

so Singh could drop off the check. Singh stated he was out of town and would check in later

in the week or the week of June 16.  (Enclosure 3, Page 23)

18. June 16, 2014, Carol Browning sent Singh a text giving him Lance Brownings schedule for

the week so Singh could drop check off at Lance Brownings work. (Enclosure 3, Page 24)

19. Received check in the amount of $3000.00 on June 17, 2014.

20. On July 11, 2014, Carol Browning sent Singh a text message advising him of Lance

Brownings work schedule for the week. No reply from Singh.  (Enclosure 3, Page 24)

21. On July 16, 2014, Singh sent Carol Browning a text advising her that he was having some

cash flow problems. Singh stated he was waiting for a payment to come in. (Enclosure 3, Page

25)

22. On July 22, 2014. Carol Browning sent Singh a text message advising him that her mortgage

was past due and incurred penalties. That she wasn't getting a good feeling about it. No

response from Singh. (Enclosure 3, Page 26)

23. On July 23, 2014 at 6:39 p.m., Carol Browning called Singh and left a voice message on his

cell phone demanding payment. Enclosure 5

24. On July 24, 2014 at 1:35 p.m. Carol Browning called Singh and left a voice message on his

cell phone demanding payment.  Enclosure 5

4

25. On July 24, 2014 at 8:31 p.m. Carol Browning sent a text message to Singh advising him to call us since his voice mail box was full. She stated the situation was ridiculous. (Enclosure 3, Page 27)

26. On July 25, 2014 at 10:57 a.m. and 12:23 p.m., Lance Browning called Singh's office phone and voice mail box was full. At 10:58 a.m., 11:00 a.m., and 11:18 a.m. Lance Browning called the office line and left messages on Kathy Singh's voice mail and Shawna McCarthy's voice mail advising that we needed to speak with Singh immediately. (Enclosure 5)

27. On July 27, 2014, Calls made to Singh's cell phone and office phone resulted in both mail boxes being full. Carol Browning sent another text message to Singh advising him that we are trying to get in contact with him and his voice mail box is full. Singh sent a text back stating he had run into some legal questions regarding his business and until resolved his attorney's advised him not to take action or discuss his business. (Enclosure 3, Page 27)

28. On July 31, 2014, Carol Browning received a text from Singh stating he just wanted to touch base and would update her the following week. (Enclosure 3, page 29)

29. On August 9, 2014, Carol Browning received a text from Singh stating he wanted to meet with Lance and her sometime that week and that his attorneys are finally allowing him to speak. Singh stated "It may give your heart and mind peace. Carol Browning advised Singh of Lance Browning's days off. Page 30

30. On August 12, 2014, The Brownings received notice in the mail that Singh had filed for Chapter 7 bankruptcy and included them in the creditors.

## FIRST CLAIM FOR RELIEF

### (Non-dischargable Debt due to Fraud, 11 U.S.C. 523(a)(2)(A)

31. Plaintiff hereby re-alleges the preceding paragraphs 1-30 of this complaint herein as though set out in full.

32. Singh set out to specifically defraud the Brownings and knew what he was doing when he signed the contracts.

5

33. The monies received by the debtor were obtained under false pretenses and are the direct and proximate result of Singh knowingly making false statements, with the intent that these false statements be understood by the Brownings to whom the statements were made to be true although they were not, and with the intent on the part of Singh to induce the Brownings to whom the representations were mad to act. These material misstatements and omissions were relied upon by the Brownings and resulted in the Brownings lending the monies described herein.

34. Singh's liability arises from the above transaction in which he obtained money from the Brownings by false pretenses, false representations, and actual fraud. Singh's liability to the Brownings in the amount stated or in an amount to be proven at trial is not dischargeable under 11 U.S.C. 523(a)(2)(A)

## SECOND CLAIM FOR RELIEF

### (Non-dischargeable Debt Due to Larceny, 11 U.S.C. 523(a)(4).

35. Plaintiff hereby re-alleges the preceding paragraphs 1-34 of this complaint herein as though set out in full.

36. Singh, under the pretense of getting the Brownings to invest in businesses, willfully took the $110,000.00 and used it for other than what it was intended.

37. Singh owed a fiduciary duty to the Brownings as their financial advisor. As the person entrusted with the Brownings money, specifically the loans made pursuant to the promissory notes, Singh was under legal obligation not to fraudulently obtain said property for his own use or benefit.

38. Despite the trust reposed in Singh and despite the fiduciary duty owned by Singh to the Brownings, Singh fraudulently obtained and accepted monies belonging to the Brownings for his own benefit in an amount to be proven at trial, but in no event less than $111,517.19 in stolen and/or fraudulently obtained monies.

6

### THIRD CLAIM FOR RELIEF

### (Non-dischargeable debt Due to Willfull and Malicious Injury, 11 U.S.C. 523(a)(6)

39. Plaintiff hereby re-alleges the preceding paragraphs 1-36 of this complaint herein as though set out in full.

40. Singh, willfully and knowingly, set out to cause malicious injury since he was not going to invest the money, and fraudulently took monies from the Brownings for personal gain.

41. As a result of Singh's actions, The Brownings have suffered damages in the amount of no less than $111,517.19 plus future costs involved in bringing this instant action.

42. The Court should therefore declare that the Brownings claims against Singh are excepted from discharge pursuant to 11 U.S.C. 523(a)(6), including exemplary and punitive damages, all legal fees and costs with regard to this case.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF FROM THIS COURT AS FOLLOWS:**

A. For judgment against Singh, et al., awarding The Brownings declaratory relief that all sums owed by Singh, et al. to The Brownings are excepted from discharge pursuant to 11 U.S.C. S523(a)(2)(A);

B. For judgment against Singh, et al, awarding The Brownings declaratory relief that all sums owed by Singh, et al., are excepted from discharge pursuant to 11 U.S.C. S523(a)(4);

C. For judgment against Singh, et al., awarding The Brownings declaratory relief that all sums owed by Singh, et al., to The Brownings are excepted from discharge pursuant to 11 U.S.C. S523(a)(6);

D. For an award of attorney's fees, if any, and costs related to the bringing of this instant action; and for all such other and

E. For further relief as the Court may deem just and proper.

Dated this 31 of October, 2014.

[Attorney Name]

*ENCLOSURE #1*

# **G**M**ail**

### **Carol Browning <carol.browning057@gmail.com>**

---

## Section 72(t)
4 messages

---

**Carol Browning** <carol.browning057@gmail.com>          Tue, Apr 1, 2014 at 3:11 PM
To: pradeep@svais.com

Hi Pradeep,

I hope this email finds you well.

I have been looking for employment and have not received a lot of luck. I even
applied and interviewed for SCE but I was told by them that I was not what they
were looking for. If I was hired and stayed a year they would have had to bridge
my years of service and I think that is what stopped them.

Anyway, I am at a crossroads. I have no income at all. I was doing some
research and found out about Section 72(t) of the IRS code. This states that I
could take a monthly payment from my IRA without the penalty of early withdrawal.
I was wondering if you knew anything about this? I need to have something
temporary until I go back to work or our business builds up.

Any suggestions? I appreciate your help.

Sincerely,


Carol Browning

---

**Pradeep Singh** <pradeep@svais.com>                    Tue, Apr 1, 2014 at 3:20 PM
To: Carol Browning <carol.browning057@gmail.com>

Hi Carol,
Sorry to hear about your job situation. Yes, I know about 72t. Let us meet and go
over your needs and all the pros and cons before we make a decision. Let me
know your schedule and I will try to accommodate it in mine so you can have
peace of mind.
Sincerely,
Pradeep

Sent from my iPhone

ENCLOSURE #2

# DUE ON DEMAND PROMISSORY NOTE

$60,000

Date: April 9 2014

For value received, the undersigned Pradeep Singh president of Secure Vision Associates (the "Borrower"), at 9899 Indiana Ave. #103, Riverside, California 92503, promises to pay to the order of Lance and Carol Browning, (the "Lender"), at 41049 Engelmann Oak St., Murrieta, CA 92562, (or at such other place as the Lender may designate in writing) the sum of $60,000.00 with interest from April 9, 2014, on the unpaid principal at the rate of 10.00% per annum.

The unpaid principal and accrued interest shall be payable in full on any future date on which the Lender demands repayment or on April 9, 2016 (the "Due Date"). Borrower may have up to 3 months to repay the entire balance from the date of such demand. If the balance is not paid in full by the due date and no final demand has been made, by mutual consent the due date may be renewed and extended for 1 month at a time till the note is paid in full.

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal. The minimum payment is to be $3000.00 per month. The first installment is to commence on or about May 10, 2014.

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest in full on or before the Due Date;

2) the death of the Borrower or Lender:

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or

extending credit.

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

All payments of principal and interest on this Note shall be paid in the legal currency of the United States.   The Borrower waives presentment for payment, protest, and notice of protest and nonpayment of this Note.

No renewal or extension of this Note, delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note shall affect the liability or the obligations of the Borrower.   All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Note shall be construed in accordance with the laws of the State of California.

Signed this _9th_ day of _April_ , _204_ , at _Riverside_ ,
_California_ .

Borrower:
Secure Vision Associates

By:_____
    Pradeep Singh

Lender:
Lance and Carol Browning

By:_____
    Lance Browning


By:_____
    Carol Browning

General accounting
Business Lance and Carol Browning

| Date | Amount | Rate | Interest $ | Principal $ | Payment | Balance |
|---|---|---|---|---|---|---|
| 4/9/2014 | $60,000.00 | | - | - | | $ 60,000.00 |
| 5/9/2014 | | 0.007974 | $ 478.44 | $ 2,521.56 | $ 3,000.00 | $ 57,478.44 |
| 6/8/2014 | $ - | 0.007974 | $ 458.33 | $ 2,541.67 | $ 3,000.00 | $ 54,936.77 |
| 7/13/2014 | $ - | 0.007974 | $ 438.07 | $ 2,561.93 | $ 3,000.00 | $ 52,374.84 |
| 8/12/2014 | | 0.007974 | $ 417.64 | $ 2,582.36 | $ 3,000.00 | $ 49,792.48 |
| 9/11/2014 | | 0.007974 | $ 397.05 | $ 2,602.95 | $ 3,000.00 | $ 47,189.52 |
| 10/11/2014 | | 0.007974 | $ 376.29 | $ 2,623.71 | $ 3,000.00 | $ 44,565.81 |
| 11/10/2014 | | 0.007974 | $ 355.37 | $ 2,644.63 | $ 3,000.00 | $ 41,921.18 |
| 12/10/2014 | | 0.007974 | $ 334.28 | $ 2,665.72 | $ 3,000.00 | $ 39,255.46 |
| 1/9/2015 | | 0.007974 | $ 313.02 | $ 2,686.98 | $ 3,000.00 | $ 36,568.48 |
| 2/13/2015 | | 0.007974 | $ 291.60 | $ 2,708.40 | $ 3,000.00 | $ 33,860.08 |
| 3/15/2015 | | 0.007974 | $ 270.00 | $ 2,730.00 | $ 3,000.00 | $ 31,130.08 |
| 4/14/2015 | | 0.007974 | $ 248.23 | $ 2,751.77 | $ 3,000.00 | $ 28,378.31 |
| 5/14/2015 | | 0.007974 | $ 226.29 | $ 2,773.71 | $ 3,000.00 | $ 25,604.60 |
| 6/13/2015 | | 0.007974 | $ 204.17 | $ 2,795.83 | $ 3,000.00 | $ 22,808.77 |
| 7/13/2015 | | 0.007974 | $ 181.88 | $ 2,818.12 | $ 3,000.00 | $ 19,990.65 |
| 8/12/2015 | | 0.007974 | $ 159.41 | $ 2,840.59 | $ 3,000.00 | $ 17,150.05 |
| 9/11/2015 | | 0.007974 | $ 136.75 | $ 2,863.25 | $ 3,000.00 | $ 14,286.81 |
| 10/11/2015 | | 0.007974 | $ 113.92 | $ 2,886.08 | $ 3,000.00 | $ 11,400.73 |
| 11/10/2015 | | 0.007974 | $ 90.91 | $ 2,909.09 | $ 3,000.00 | $ 8,491.64 |
| 12/10/2015 | | 0.007974 | $ 67.71 | $ 2,932.29 | $ 3,000.00 | $ 5,559.35 |
| 1/9/2016 | | 0.007974 | $ 44.33 | $ 2,955.67 | $ 3,000.00 | $ 2,603.68 |
| 2/8/2016 | | 0.007974 | $ 20.76 | $ 2,603.68 | $ 2,624.44 | $ 0.00 |
| **Total** | **$60,000.00** | | **$ 5,624.44** | | **$65,624.44** | **$ 0.00** |

ENCLOSURE
#3







9/23/2014 Case 6:14-ap-01289-SC    Doc 1    Filed 10/31/14    Entered 10/31/14 14:27:43    Desc
Main Document    Page 15 of 49
Screenshot_2014-09-23-11-08-46.png

4



5



6





9/23/2014





#6: TEXT MSG FROM SINGH REGARDING "OPPORTUNITY" THAT
FELL INTO HIS LAP



#7: TEXT MSG FROM SINGH REGARDING HAVING TO GIVE RECIPIENT DATE FOR FUNDS.



12



**Pradeep Singh**
(909) 225-4680

11:10 AM

Do we get any discounts or just get to use points saved? I have a couple of airline and hotel reservations to make.

Hi Pradeep. Hope your trip went well. Let me know when you want to get together about the travel.

I will. I have had huge dental issues. Right now I can't even talk.

Ouch. I can sympathize worth you. Get better!!

Thanks, if I don't need oral surgery. *NEXT PAGE*



#10: BROWNINGS HAD NOT RECIEVED FIRST PAYMENT. CAROL
TEXTED SINGH ON IF HE WANTED TO PUT PAYMENT IN MAIL.

Screenshot_2014-09-23-11-10-29.png

14





< ✉ ▣ ⚠ ⚠ ⚠ ⚠ 🏧 📶 ▢ 11:10 AM

**Pradeep Singh**
(909) 225-4680

Hi Pradeep. Hope you are doing good. Can you please put that check in the mail? I have bills I need to pay. Thank you very much. #12 ᴄʙ

You haven't got it yet? Oh my! Did you get today's mail? #12 ᴘꜱ

Let me see if it came today n #12 ᴄʙ

No it did not come today either. #12 ᴄʙ

Can you get a cashier's check to Lance? I'm afraid the bank will put a hold on the check. Thanks. #12 ᴄʙ

NEXT PAGE
K I'm busy rest of the day out in LA. Let me see what I can do. Sorry! ᴘꜱ

#12: L. BROWNING, AGAIN, ASKED SINGH TO PUT CHECK IN MAIL TO HER. SINGH STATED HE SENT IT. NO CHECK SENT.

16



**Pradeep Singh**
(909) 225-4680

*PS* — K I'm busy rest of the day out in LA. Let me see what I can do. Sorry! #12

*PS* — Can I do something by Monday? Don't put the check in and you can use it for June. If you don't get it for some reason, I will put a stop payment on it. #12

*PS* — I got it out last weekend and I know Monday was a holiday but you should have got it by now! I don't know what to say. #12

Okay. Unfortunately Lance 's checks were smaller this month. Ugh. Lance is off on Monday. Maybe we can meet you somewhere? I'll let you know if it comes tomorrow. #12 

#12: TEXT CONVERSATION REGARDING CHECK BEING SENT.
NO CHECK EVER SENT.

https://mail.google.com/mail/u/0/#inbox/148a3be6788c9e002projector=1

Case 6:14-ap-01289-SC    Doc 1    Filed 10/31/14    Entered 10/31/14 14:27:43    Desc
Screenshot_2014-09-23-11-11-02.png
Page 28 of 49

17



#12. LAST OF TEXT CONVERSATION REGARDING CHECK NOT SENT.
#13. AGAIN ADVISING SINGH CHECK NOT RECIEVED.

18



**Pradeep Singh**
(909) 225-4680

Hi Pradeep. I did not get the check today either. Lance works tomorrow and is off on Monday. Sorry so late I was painting today.  *PREV PAGE*  — CB

I will be in touch after church tomorrow — PS

Hi Carol, could you give ma Lance's schedule today?  #14 — PS    ← #14

He'll be at Harley until about 5:30 pm. If he knows you'll be by he'll stay.  #14 — CB

I will see him before that — PS

11:11 AM

#14: TEXT GIVING SINGH, LANCE BROWNINGS WORK SCHEDULE
TO DROP OFF CHECK FOR PAYMENT

19



https://mail.google.com/mail/u/0/#inbox/148a3bef6190accd?projector=1

#15: SINGH ASKED C. BROWNING TO WAIT ON CONFIRMATION OF
FUNDS BEFORE DEPOSITING CHECK.

20



#15: TEXT CONVERSATION REGARDING CONFIRMATION OF FUNDS AND FUNDS BEING AVAILABLE.

21



#15: CONTINUED CONVERSATION REGARDING CHECK FUNDS AND
CAROL BROWNING NEEDING PAYMENT BECAUSE BILLS ARE
OVERDUE



#16: SINGH TRANS MONEY 6/3/14. ASKED CAROL BROWNING TO
CALL HIM. HE TOLD HER TO GO TO HIS BANK IMMEDIATELY TO CASH
CHECK



#16: Advised SINGH CHECK WAS CASHED.
#17: SINGH_SEE RECIEVED TEXT REGARDING LANCE BROWNINGS HOURS
AND ORIGINAL CHECK NOT 7



#17: SINGH STATING OUT OF TOWN. #18: REACHED OUT TO SINGH AGAIN REGARDING CHECK #20: AGAIN SENT SINGH LANCE BROWNINGS HOURS.





#21: SINGH TEXTED CAROL BROWING HE WAS HAVING CASH FLOW PROBLEMS.



#22: C. BROWNING SENT ANOTHER TEXT. CHECK STILL NOT RECIEVED



#25: SENT SINGH TEXT MESSAGE SINCE HIS VOICE MAIL WAS FULL

#27: SENT SINGH TEXT MESSAGE BECAUSE BOTH OFFICE AND CELL
MAIL BOXES WERE FULL



#27: TEXT MSGS RECEIVED FROM SINGH REGARDING WHY NO PAYMENT AND NO CONTACT.

9/23/2014   Screenshot_2014-09-23_11-12-51.png
Case 6:14-ap-01289-SC   Doc 1   Filed 10/31/14   Entered 10/31/14 14:27:43   Desc
Main Document   Page 40 of 49

29





#29: SINGH STATED WANTED TO MEET; THAT IT WOULD GIVE US
PEACE OF MIND. TEXT SENT AFTER BANKRUPTCY FILED.

*ENCLOSURE #4*

## *DUE ON DEMAND PROMISSORY NOTE*

$55,000                                                        Date: April 19 2014

For value received, the undersigned Pradeep Singh president of Secure Vision Associates (the "Borrower"), at 9899 Indiana Ave. #103, Riverside, California 92503, promises to pay to the order of Lance and Carol Browning, (the "Lender"), at 41049 Engelmann Oak St., Murrieta, CA 92562, (or at such other place as the Lender may designate in writing) the sum of $55,000.00 with interest from April 19, 2014, on the unpaid principal at the rate of 12.00% per annum.

The unpaid principal and accrued interest shall be payable in full on any future date on which the Lender demands repayment or on April 19, 2016 (the "Due Date"). Borrower may have up to 3 months to repay the entire balance from the date of such demand. If the balance is not paid in full by the due date and no final demand has been made, by mutual consent the due date may be renewed and extended for 1 month at a time till the note is paid in full.

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal. No payment will be made for at least 12 months and then periodic payments to commence and entire note to be repaid in following 12 months. The first installment is to commence on or about May 19, 2015.

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date no prepayment penalty.

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest in full on or before the Due Date;

2) the death of the Borrower or Lender;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit.

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

All payments of principal and interest on this Note shall be paid in the legal currency of the United States.   The Borrower waives presentment for payment, protest, and notice of protest and nonpayment of this Note.

No renewal or extension of this Note, delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note shall affect the liability or the obligations of the Borrower.   All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Note shall be construed in accordance with the laws of the State of California.

Signed this _19th_ day of _April_ _2014_, at _Murrieta_ , _California_.

Borrower:
Secure Vision Associates

By: _____
    Pradeep Singh

Lender:
Lance and Carol Browning

By: _____
    Lance Browning

By: _____
    Carol Browning

General accounting
Business Lance and Carol Browning

| Date | Amount | Rate | Interest | Principal | Payment | Balance |
|---|---|---|---|---|---|---|
| 4/17/2014 | $ 55,000.00 | | $ - | $ - | | $ 55,000.00 |
| 5/17/2014 | | 0.009488 | $ 521.84 | $ (521.84) | $ - | $ 55,521.84 |
| 6/16/2014 | $ - | 0.009488 | $ 526.79 | $ (526.79) | $ - | $ 56,048.63 |
| 7/21/2014 | $ - | 0.009488 | $ 531.79 | $ (531.79) | $ - | $ 56,580.42 |
| 8/20/2014 | | 0.009488 | $ 536.84 | $ (536.84) | $ - | $ 57,117.26 |
| 9/19/2014 | | 0.009488 | $ 541.93 | $ (541.93) | $ - | $ 57,659.18 |
| 10/19/2014 | | 0.009488 | $ 547.07 | $ (547.07) | $ - | $ 58,206.25 |
| 11/18/2014 | | 0.009488 | $ 552.26 | $ (552.26) | $ - | $ 58,758.52 |
| 12/18/2014 | | 0.009488 | $ 557.50 | $ (557.50) | $ - | $ 59,316.02 |
| 1/17/2015 | | 0.009488 | $ 562.79 | $ (562.79) | $ - | $ 59,878.81 |
| 2/21/2015 | | 0.009488 | $ 568.13 | $ (568.13) | $ - | $ 60,446.94 |
| 3/23/2015 | | 0.009488 | $ 573.52 | $ (573.52) | $ - | $ 61,020.46 |
| 4/22/2015 | | 0.009488 | $ 578.96 | $ (578.96) | $ - | $ 61,599.42 |
| 5/22/2015 | | 0.009488 | $ 584.46 | $ 4,870.89 | $ 5,455.35 | $ 56,728.52 |
| 6/21/2015 | | 0.009488 | $ 538.24 | $ 4,917.11 | $ 5,455.35 | $ 51,811.41 |
| 7/21/2015 | | 0.009488 | $ 491.59 | $ 4,963.76 | $ 5,455.35 | $ 46,847.65 |
| 8/20/2015 | | 0.009488 | $ 444.49 | $ 5,010.86 | $ 5,455.35 | $ 41,836.79 |
| 9/19/2015 | | 0.009488 | $ 396.95 | $ 5,058.40 | $ 5,455.35 | $ 36,778.39 |
| 10/19/2015 | | 0.009488 | $ 348.95 | $ 5,106.40 | $ 5,455.35 | $ 31,671.99 |
| 11/18/2015 | | 0.009488 | $ 300.50 | $ 5,154.85 | $ 5,455.35 | $ 26,517.15 |
| 12/18/2015 | | 0.009488 | $ 251.59 | $ 5,203.76 | $ 5,455.35 | $ 21,313.39 |
| 1/17/2016 | | 0.009488 | $ 202.22 | $ 5,253.13 | $ 5,455.35 | $ 16,060.26 |
| 2/16/2016 | | 0.009488 | $ 152.38 | $ 5,302.97 | $ 5,455.35 | $ 10,757.29 |
| 3/17/2016 | | 0.009488 | $ 102.07 | $ 5,353.28 | $ 5,455.35 | $ 5,404.01 |
| 4/16/2016 | | 0.009488 | $ 51.27 | $ 5,404.01 | $ 5,455.28 | $ 0.00 |
| **Total** | **$ 50,000.00** | | | | **$ 65,464.13** | |

*ENCLOSURE 5*

| Date | Time | Communication | Comments |
|------|------|---------------|----------|
| 7/11/14 | 11:52a | Text | Copy on file |
| 7/16/14 | 7:42a | Text | Reply from Pradeep. Text on file |
| 7/16/14 | 8:01a | Text | Copy on file |
| 7/22/14 | 11:55a | Text | Copy on file -no response |
| 7/23/14 | 6:39pm | Cell | Left Voice Message |
| 7/24/14 | 1:35pm | Cell | Left Voice Message |
| 7/24/14 | 8:31p | text | Copy on file - no response |
| 7/24/14 | 7:58p | Cell | Mail Box is full |
| 7/25/14 | 10:57a/12:23pm | Office | Mail Box Full |
| 7/25/14 | 10:58am/11:00a/11:18a | Office | Left Voice Message with Kathy Singh/Shawna McCarthy saying we needed to talk to Pradeep. |
| 7/27/14 | 11:50 | Cell | Mail Box Full |
| 7/27/14 | 12:01pm | Office | Left message on Shawna McCarthy phone advising we are trying to get in touch with Pradeep. |
| 7/27/14 | 12:11pm | Text | Copy on file |
| 7/28/14 | | Certified Letter | |

**Bank of America** ≡

Online Banking

Transaction Details

**Check number:**   00000007915

**Post date:**   04/10/2014

**$Amount:**   -60,000.00

**Type:**   03

**Description:**   Check

**Bank of America** ➤

*EXHIBIT #2*

**Online Banking**

## Transaction Details

| | |
|---|---|
| **Check number:** | 00000007918 |
| **Post date:** | 04/17/2014 |
| **$Amount:** | -50,000.00 |
| **Type:** | 03 |
| **Description:** | Check |





FORM B104 (08/07)

2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Lance J Browning<br>Carol A Browning | DEFENDANTS<br>Pradeep Singh, Rindi P Singh, The Pradeep Singh Corporation,<br>Secure Vision Associates, Harbinder P Singh |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Lance J Browning/Carol A Browning<br>41049 Engelmann Oak St.   H:951-600-8514<br>Murrieta, CA 92562            C-760-405-4178 | ATTORNEYS (If Known)<br>M Wayne Tucker/ Orrock Popka Fortino Tucker & Dolen<br>1533 Spruce St., Ste 100    951-683-6014<br>Riverside, CA  92507 |

| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
523(a)(2)(A)-Fraud. Singh and defendants fraudulently stated he had b usinesses that needed invetment money in order to obtain moniey for his personal gain. 523(a)(4) Fraud/Larceny by trick-Singh while working in a fiduciary capacity for American Equity, falsely represented hmself as a financial advisor to gain access to monies for personal use.  523(a)(6) -Singh willfully and intentionally defrauded the Brownings by using fictitious businesses to invest in for the sole purpose of taking their money casuing malicious injury.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 1 62-Dischargeability - §523(a)(2), false pretenses, false
representation, actual fraud

☐ 2 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 3 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state
court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 111,567.19 |

**Other Relief Sought**
Total amount of monies owed from investments of $60,000.00 and $50,000.00 plus interest. Also includes that $350.00 filing fee. Plus any and all court costs related to the case that is not included in the above amount.

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Pradeep Singh, Rindi P Singh, Pradeep Singh Cor, Secure Vision Assoc, Harbinder | 6:14-bk-19919SC |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central | Riverside | |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*CBrowning*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 10/31/14 | Lance J Browning<br>Carol A Browning |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.